**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**

**CIVIL NO. 2:07CV10**
**(2:06CR18)**

| | |
|---|---|
| **JACK VINSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **VS.** ) | **MEMORANDUM AND** |
| ) | **ORDER OF DISMISSAL** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before the Court on the Petitioner's motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and

his related motion to continue the hearing on his probation[1] violation

pending a ruling on the § 2255 motion filed in the criminal case.

---

[1] Petitioner's motion erroneously refers to the hearing as one stemming from probation; he is actually on supervised release, not probation.

# I. PROCEDURAL HISTORY

On June 26, 2006, the United States District Court for the Western District of Texas transferred jurisdiction of Petitioner's supervised release to this District. He was originally indicted in that Court on November 15, 2000, with charges of conspiracy to possess with intent to distribute marijuana and substantive charges of distribution thereof. The indictment was superseded on April 4, 2001. On July 28, 2001, the Petitioner was arrested for the charges in this District and Rule 40 documents were submitted to the Western District of Texas to which the Petitioner was transferred. On October 25, 2001, the United States filed a superseding bill of information and the Petitioner waived indictment. He entered a guilty plea pursuant to a written agreement on the same date.

On August 5, 2002, the Petitioner was sentenced to 24 months imprisonment to be followed by 3 years of supervised release. Upon his release from prison, the Petitioner was supervised and on April 11, 2006, he agreed to a one year extension of his term of supervised release. On June 21, 2006, his supervision was transferred to this District.

On March 13, 2007, Mark Corbin, the Probation Officer supervising the Petitioner in this District, filed a petition to revoke the supervised

release based on the Petitioner's failure to abide by the conditions of release. He is alleged to have tested positive for controlled substances, to have admitted the use of controlled substances, and to have failed to file monthly supervision reports. The Petitioner was arrested on April 11, 2007, in Florida. On May 14, 2007, the Probation Officer filed an addendum to the petition alleging that on March 20, 2007, a United States Marshal attempted to serve the supervised release warrant on the Petitioner, at which time he resisted arrest by pulling away from the Marshal and drawing a firearm from his waistband which he pointed at two Deputy Marshals. In addition, he is alleged to have then left the jurisdiction of his supervision, the Western District of North Carolina, without permission from his Probation Officer.

## II. DISCUSSION

The Petitioner's motion to continue the hearing on his supervised release violation is based on the argument that the extension of his period of supervised release was illegal and, therefore, he may not be found to have violated the conditions thereof. Moreover, he claims that the extension was illegal and must be vacated pursuant to § 2255.

His first argument is that his original sentence was imposed pursuant to the wrong statute because marijuana is a Schedule VI controlled substance, not a Schedule I controlled substance.

Petitioner was sentenced after his guilty plea to conspiracy to possess with intent to distribute more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(b)(1)(C). That section of the Controlled Substances Act makes it illegal to possess with intent to distribute more than 50 kilograms but less than 100 kilograms of a Schedule I controlled substance. Contrary to Petitioner's claim that marijuana is a Schedule VI controlled substance, marijuana is a Schedule I controlled substance. **21 U.S.C. § 812(c), Schedule I(c)(10) (2002 ed.); *Gonzales v. Raich*, 545 U.S. 1, 14 (2005).** In fact, there are only five schedules of controlled substances; there is no Schedule VI.

Under the statute, Petitioner faced a maximum sentence of 20 years imprisonment and "at least 3 years" of supervised release. **21 U.S.C. § 841(b)(1)(C) (2002 ed.).** A different statutory scheme provides that this was a Class C felony and subjected him to a period of "not more than three years" of supervised release. **18 U.S.C. §3559(a)(3); 18 U.S.C. §**

**3583(b)(2).**  Thus, the Petitioner argues that the extension of his supervised release for an additional one year period was illegal.

On March 27, 2006, upon the advice of the same attorney who has filed this motion, Petitioner signed a waiver of his right to a hearing in connection with a petition by the Probation Officer to modify the conditions of his supervised release.  In that waiver, he stated that he agreed to the extension of his supervised release for an additional one year period with a new expiration date of April 13, 2007.  The alternative to this extension would have been a petition by the Probation Officer for revocation of Petitioner's supervised release based on drug use during supervision.  The District Court Judge signed the order extending the period on April 11, 2006, a date prior to the expiration of his supervised release.

Petitioner argues that it was illegal when "as a result of an agreement between the parties, [the District Court] extended the [supervisory] period" for an additional year "after the maximum authorized term was previously imposed."  ***United States v. Esperanza-Vasquez*, 211 F. App'x 140 (3d Cir. 2007).**  The Petitioner is judicially estopped from taking a position now which is clearly inconsistent with his earlier one, a position which now would allow him to derive an unfair advantage.  ***Id.* at \*2 (citing *New***

*Hampshire v. Maine*, **532 U.S. 742, 750-51 (2001)).**  Petitioner is "bound by the extension of supervised release he asked for and received." *Id.*

Moreover, in his plea agreement, the Petitioner waived any right to attack his conviction and sentence in a collateral attack except on grounds not stated herein.  He is, therefore, prohibited from bringing this § 2255 motion.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to continue the hearing on his supervised release violation is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's motion pursuant to 28 U.S.C. § 2255 is hereby **DENIED**, and this action is hereby **DISMISSED**.

Signed: June 6, 2007

Lacy H. Thornburg
United States District Judge